## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ROBERT T. AMBROSE, JR., ) | |
| ) | |
|       Plaintiff ) | |
| ) | |
| v. ) | Docket No. 07-84-B-W |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|       Defendant ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges disability stemming from organic mental disorder (cognitive disorder) and anxiety disorder, is capable of making an adjustment to work existing in significant numbers in the national economy.  I recommend that the decision of the commissioner be reversed and the case remanded for further proceedings not inconsistent herewith.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of drug and/or alcohol

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3).  The commissioner has admitted that the plaintiff has exhausted his administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on February 29, 2008, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

abuse and residuals of a stroke, Finding 2, Record at 16; that his impairments, including the substance-use disorder, met section 12.09 of Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Finding 3, *id*. at 19; that, if he stopped his substance use, he would continue to have a severe impairment or combination of impairments, Finding 4, *id*.; that, if he stopped his substance use, he would not have an impairment or combination of impairments that met or medically equaled the criteria of any of the Listings, Finding 5, *id*. at 20; and that, because he would not be disabled if he stopped his substance use, his substance-use disorder was a contributing factor material to the determination of disability and therefore he had not been disabled within the meaning of the Social Security Act at any time through the date of decision, Finding 12, *id.* at 23. The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff contends that the administrative law judge erred in (i) deeming his cognitive disorder non-severe, (ii) finding his substance abuse a contributing factor material to the determination of disability and (iii) not finding him to have been disabled since March 24, 2004. *See generally* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 9). He seeks reversal and remand with instructions to pay benefits. *See id.* at 11. I agree with the plaintiff that errors warranting reversal and remand were committed; however, I disagree that the evidence favoring him is "uncontroverted," *see id.* at 9. Therefore, remand for further proceedings, rather than payment of benefits, is appropriate.

## I. Discussion

### A. Step 2 Finding

The plaintiff's arguments implicate a provision of the Contract with America Advancement Act of 1996 ("Contract with America") that "eliminated disability benefits where drug addiction or alcoholism was a contributing factor material to the Commissioner's determination of disability." *Bartley v. Barnhart*, 117 Fed. Appx. 993, 994 (6th Cir. 2004) (citation and internal quotation marks omitted); *see also* 42 U.S.C. § 423(d)(2)(C).

That Contract with America directive was in turn incorporated into the agency's regulations, which provide in relevant part:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

> (ii)  If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935(b).

The plaintiff's first argument sets the stage for his remaining points: He contends that the administrative law judge in effect misspoke in finding his cognitive disorder non-severe inasmuch as:

1  To meet the listing for substance abuse (Listing 12.09) – as the administrative law judge found he did – a claimant must meet a separate Listing for one or more of nine specified impairments, including organic mental disorders (Listing 12.02) and anxiety disorders (Listing 12.06), the only two of the nine Listings possibly applicable in this case.  *See* Statement of Errors at 6.

2.  The administrative law judge presumably intended to find that the plaintiff suffered from a severe organic mental disorder (*i.e.*, the cognitive disorder) meeting the requirements of Listing 12.09 via Listing 12.02 but that his alcoholism was material to the determination of disability.  *See id.* at 6-7.

The plaintiff posits: "While this distinction may on its face appear to be only semantics, it is important because a finding of disability is a prerequisite to a determination of whether drug abuse and/or alcoholism is material to the disability finding."  *Id*. at 7.

The plaintiff is correct.  To find that he met Listing 12.09, the administrative law judge necessarily had to find that he suffered severe (indeed, Listing-level) restrictions emanating from at least one of the nine relevant impairments.  In failing to do so, the administrative law judge erred.[2]

---

[2] I am mindful that the administrative law judge expressly relied on a Psychiatric Review Technique Form ("PRTF") report of Disability Determination Services ("DDS") non-examining consultant Peter G. Allen, Ph.D., in which Dr. Allen assessed the plaintiff, under the heading for Listing 12.02 (organic mental disorders), as suffering from a mild cognitive disorder, with inconsistent short-term memory. *See* Record at 185.  Nonetheless, as discussed in greater detail below, the administrative law judge's reliance on Dr. Allen's report was misplaced.  Dr. Allen also found, contradictorily, that the plaintiff met Listing 12.09 by virtue of having met Listing 12.02.  *See id.*
*(continued on next page)*

### B.  Materiality Finding

The plaintiff next challenges the administrative law judge's finding that drug and/or alcohol addiction ("DAA") was a contributing factor material to disability, asserting that the administrative law judge (i) ignored uncontroverted medical evidence – from a treating source, no less – indicating that it is impossible to separate out the effects of DAA from the plaintiff's coexisting mental impairments and, (ii) per Social Security policy, as expressed in EM [Emergency Message]-96200, in such cases a finding of non-materiality should be made (and the claimant accordingly should be found to be disabled for purposes of payment of benefits).  *See id.* at 7-10.

EM-96200, which contains a series of questions and answers, provides, in relevant part:

27.    Q.    Is it appropriate for an MC [medical consultant]/PC [psychological consultant] to conclude that he/she cannot project what limitations, if any[,] would remain if drug/alcohol use stopped and let the DE [disability examiner] make a determination that DAA is not material?

> A.  Yes.  There will be cases in which the evidence demonstrates multiple impairments, especially cases involving multiple mental impairments, where the MC/PC cannot project what limitations would remain if the individuals stopped using drugs/alcohol.  In such cases, the MC/PC should record his/her findings to that effect.  Since a finding that DAA is material will be made only when the evidence establishes that the individual would not be disabled if he/she stopped using drugs/alcohol, the DE will find that DAA is not a contributing factor material to the determination of disability.

\*\*\*

29.    Q.    The most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one or more other mental impairments.  In many of these instances, it will be very difficult to disentangle the restrictions and limitations imposed by the substance use disorder from those resulting from the other mental impairment(s).  Can any examples be provided for how to handle the materiality determination in these situations[,] or can any guidance be provided for the type of information that should be used in trying to assess the impact of each impairment?

---

at 192.

> A. We know of no research data upon which to reliably predict the expected improvement in a coexisting mental[] impairment(s) should drug/alcohol use stop. The most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol. Of course, when evaluating this type of evidence consideration must be given to the length of the period of abstinence, how recently it occurred, and whether there may have been any increase in the limitations and restrictions imposed by[] the other mental impairments since the last period of abstinence. When it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate.

EM-96200, *available at* https://secure.ssa.gov/apps10/public/reference.nsf/.[3]

The plaintiff goes too far in characterizing the record evidence bearing on the materiality question as "uncontroverted." Two DDS non-examining consultants – Dr. Allen and a second consultant, Lewis F. Lester, Ph.D. – provided opinions disentangling restrictions and limitations imposed by the plaintiff's DAA from those imposed by his other mental impairments. *See* Record at 184-97, 198-211. Dr. Allen found that, while the plaintiff met Listing 12.09 with the effects of DAA factored in, he suffered only from a mild (non-severe) cognitive impairment with the effects factored out, *see id.* at 185, 192, 194, while Dr. Lester found that the plaintiff suffered from a mild (non-severe) cognitive impairment with the effects of DAA factored in and no medically determinable mental impairment with the effects factored out, *see id.* at 198, 208.

Still, the question remains whether the administrative law judge's materiality determination can be discerned to be supported by substantial evidence. *See, e.g., Christidis v. Massanari*, 75 Soc.

---

[3] As the plaintiff notes, *see* Statement of Errors at 8, several courts have cited EM-96200 for the proposition that, when it is not possible to separate out restrictions imposed by DAA from restrictions imposed by other conditions, a finding that DAA is not material is appropriate, *see, e.g., McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002); *Clark v. Apfel*, 98 F. Supp.2d 1182, 1185 (D. Ore. 2000). According to my research, at least one court has declined to apply EM-96200, reasoning that the answer to Question No. 29 was superseded by subsequent court decisions holding that claimants bear the burden of proving that a disability would exist in the absence of DAA. *See Mayes v. Astrue*, No. 1:07-cv-0193-DFH-TAB, 2008 WL 126691, at *7 (S.D. Ind. Jan. 10, 2008). This court also has held that a claimant bears the burden of proving that DAA is immaterial, *see, e.g., Watson v. Astrue*, No. 06-73-B-W, 2007 WL 951387, at *4 (D. Me. Mar. 27, 2007) (rec. dec., *aff'd* Apr. 17, 2007); however, I do not perceive this as inconsistent with the answer to Question No. 29. Rather, EM-96200 clarifies that a claimant can meet the burden of proving DAA immaterial by proving that it is impossible to segregate the effects of DAA from the effects of other, non-DAA impairments.

Sec. Rep. Serv. 570, 580 (N.D. Ill. 2001) ("While the regulations do provide that the determination as to materiality is reserved to the Commissioner and the findings of a consulting specialist are not controlling, the ALJ must still demonstrate that his findings are supported by substantial evidence."). For the following reasons, I conclude that it cannot:

  1. In finding the plaintiff's DAA material, the administrative law judge relied in part on a mischaracterization of the record evidence. He stated that consulting examiner Kenneth Kindya, Ph.D., had "indicated that [the plaintiff's] limitations appeared to be related to his rather significant alcohol consumption." Record at 18 (citation omitted). To the contrary, Dr. Kindya signaled an inability to tell which restrictions derived from DAA. *See id*. at 183 (report of Dr. Kindya stating, in relevant part: "His adaptation appears limited primarily at this time to concentration difficulties which may or may not be connected with his rather significant alcohol consumption.").

  2. The administrative law judge summarized, but failed to analyze, the opinion of the plaintiff's primary-care physician, Karen H. Nelson, M.D., that "it is not possible to separate [the plaintiff's] mental limitations imposed by alcoholism and the other mental disorders shown by psychological testing. I believe a finding of 'not material' would be appropriate in this case." *Id*. at 233; *see also id*. at 18-19. The plaintiff contends that Dr. Nelson's opinion should have been entitled to controlling weight. *See* Statement of Errors at 10. That is incorrect: The question of materiality of DAA is reserved to the commissioner. *See, e.g., Christidis*, 75 Soc. Sec. Rep. Serv. at 580. Nonetheless, even as to issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)[.]" Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2007) ("SSR 96-5p"), at 127; *see also, e.g*., Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2007) ("SSR 96-8p"), at 150 (an

administrative law judge can reject a treating-source opinion as to RFC, an issue reserved to the commissioner, but "must explain why the opinion was not adopted"); 20 C.F.R. § 416.927(d)(2) (commissioner must "always give good reasons in [his] notice of determination or decision for the weight [he] give[s] your treating source's opinion").[4]

It is not the task of the court (or, for that matter, counsel for the commissioner) to articulate for the first time at the appeals stage "good reasons" for rejecting a treating source's opinion. *See, e.g., Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *see also, e.g., Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) ("Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion. Further, the notice of determination or decision must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. In this case, the ALJ offered no explanation for the weight, if any, he gave to the opinion of Dr. Rowland, the treating physician. We must remand because we cannot properly review the ALJ's decision without these necessary findings.") (citations and internal punctuation omitted); *Hageman v. Astrue*, No. 07-1002-WEB, 2007 WL 4239466, at *8 (D. Kan. Oct. 10, 2007) ("[E]ven on issues reserved to the Commissioner, including the RFC determination and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. It is clear legal error to ignore a medical opinion. The ALJ clearly erred by only considering 1 of the 2 RFC forms filled out by each of the two treating physicians. As noted above, the court will not engage in the task of weighing evidence in the first

---

[4] At oral argument, counsel for the commissioner conceded that Dr. Nelson qualifies as a "treating source" for purposes of 20 C.F.R. §
*(continued on next page)*

instance. Therefore, the case shall be remanded in order for the ALJ to consider both of the RFC opinions provided by the two treating physicians.") (citations omitted).[5]

3.  As noted above, Dr. Allen's report is internally inconsistent: He found that the plaintiff's mental impairments met, but did not meet, Listing 12.02. *Compare* Record at 185 *with id*. at 192. In a superficial sense, the seeming contradiction readily can be explained: Dr. Allen determined that the plaintiff suffered from a mild cognitive impairment with the effects of DAA factored out but met Listing 12.02 with the effects taken into account. *See id.* at 194, 196. Nonetheless, Dr. Allen did not explain how he segregated out the effects of DAA: For example, it is unclear whether he felt the plaintiff suffered from a segregable mental impairment as a result of DAA or, rather, concluded that DAA exacerbated his underlying cognitive disorder, which would be non-severe in the absence of DAA. *See id*. at 196. Finally, Dr. Allen did not have the benefit of Dr. Nelson's opinion, which postdated his PRTF report. *Compare id*. at 196 *with id*. at 233-34.

4.  The administrative law judge himself evidently did not accord significant weight to Dr. Lester's report: He did not embrace Dr. Lester's conclusion that the plaintiff was not disabled in any circumstances but, rather, agreed with Dr. Allen that the plaintiff's condition met Listing 12.09. *See* Finding 3, *id*. at 19. In any event, on the question of the materiality of DAA, Dr. Lester, like Dr. Allen,

---

416.927(d).

[5] At oral argument, counsel for the commissioner conceded that Dr. Nelson's opinion was not expressly analyzed but cited *Nelson v. Commissioner of Soc. Sec*., 195 Fed. Appx. 462, 468-72 (6th Cir. 2006), for the proposition that the treating-source rule may yet be met when an administrative law judge has at least briefly mentioned the treating source's opinion and the record contains evidence contradicting it. Counsel for the commissioner cited to no First Circuit case so holding. In any event, assuming *arguendo* the First Circuit were to adopt a *Nelson*-style harmless-error rule, I do not think its application appropriate in this case. While the *Nelson* court found that the administrative law judge's analysis of the claimant's mental problems "adequately addressed" two treating sources' opinions "by indirectly attacking both the consistency of those opinions with the other record evidence and their supportability[,]" it cautioned that "this is a rare case of the ALJ's analysis meeting the goal of the [treating-source] rule even if not meeting its letter." *Nelson*, 195 Fed. Appx. at 472. The case currently before the court is not one of those rare cases; in addressing other record evidence concerning materiality of DAA, the administrative law judge mischaracterized Dr. Kindya's opinion and embraced an opinion of Dr. Allen that itself contained underlying analytical flaws.

did not have the benefit of Dr. Nelson's opinion, which postdated his PRTF report. *Compare id*. at 210 *with id*. at 233-34.

In the circumstances of this case, I am unpersuaded that the Allen PRTF report can stand as substantial evidence that the plaintiff's DAA was material to his disability. *See Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert. In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted).[6]

### C. Nature of Remand

The plaintiff finally posits that, inasmuch as (i) the Record supports a finding that he suffered from a "severe" organic mental disorder, (ii) it is impossible to separate mental restrictions and limitations imposed by the DAA from those imposed by other mental disorders, and (iii) in such circumstances, per the commissioner's policy, DAA is considered immaterial, the decision should be reversed and the case remanded with instructions to pay benefits. *See* Statement of Errors at 10-11.

In *Seavey v. Barnhart*, 276 F.3d 1 (1st Cir. 2001), the First Circuit made clear that "ordinarily the court can order the agency to provide the relief it denied only in the unusual case in which the

---

[6] At oral argument, counsel for the commissioner pointed out that in *Budzko v. Apfel*, No. 98-246-P-C, 1999 WL 33117087 (D. Me. May 11, 1999) (rec. dec., *aff'd* June 28, 1999), this court affirmed a decision of an administrative law judge deeming substance abuse the claimant's only severe impairment. In *Budzko*, the claimant was receiving benefits predicated in part upon disability deriving from substance abuse when the Contract with America was enacted, precluding his continued receipt of benefits on that basis. *See Budzko*, 1999 WL 33117087, at *1-*2. The plaintiff failed to appear for fresh consultative examinations arranged by the administrative law judge to address the question of the materiality of his substance abuse, and the only post-Contract with America evidence touching on that point was a DDS non-examining consultant's report. *See id.* at *3. In this case, the Record contains two significant pieces of evidence favoring the plaintiff's position on the materiality question that were either mischaracterized or ignored by the administrative law judge – the comment of Dr. Kindya and the report of Dr. Nelson. *Budzko* accordingly does not dictate a different result.

underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." *Seavey*, 276 F.3d at 11.

The Record contains conflicting evidence whether the plaintiff's substance abuse constituted a Listing-level impairment and, if so, whether DAA was material to his disability. While errors were made in the decision-making process that require reversal, it is not clear that benefits necessarily must be granted on remand. Remand with instructions to award benefits accordingly is inappropriate in this case.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of March, 2008.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge